THE STATE OF NEVADA, ex rel. ROBERT LIST,
Attorney General of the State of Nevada, Peti-
tioner, v. THE COUNTY OF DOUGLAS, a Political
Subdivision of the State of Nevada; HAROLD
DAYTON, GARRY STONE and CHARLES MEN-
ELEY, in Their Official Capacities as County Com-
missioners, Respondents.

No. 8600

February 20, 1976                    546 P.2d 235

[Rehearing denied March 25, 1976]

*Robert List,* Attorney General, and *James H. Thompson,*
Chief Deputy Attorney General, Carson City, for Petitioner.

*Howard D. McKibben,* District Attorney, Douglas County,
for Respondents.

## OPINION

*Per Curiam:*

This original proceeding in mandamus, commenced by the
Attorney General on behalf of the people of the State of
Nevada, seeks to compel Douglas County to pay its current

apportioned share of expenses to the Tahoe Regional Planning Agency, in order that the Agency may be assisted in carrying out its purposes and activities.

We previously entertained an identical proceeding wherein we ordered ". . . issuance of a peremptory writ of mandate to compel such payment." State ex rel. List v. County of Douglas, 90 Nev. 272, 282, 524 P.2d 1271, 1277 (1974).

Notwithstanding the prior decision and mandate of the court Douglas County has again refused to pay its apportioned share of the expense.

In the answer to the instant petition, which was ordered pursuant to NRAP 21(b), Douglas County and its commissioners fail to present arguable cause against issuance of the writ; instead, they attempt to justify the failure to continue to comply with our prior decision by contending (1) the Agency is not furnishing the county with a proper accounting of all funds it receives, as required by Art. VII(c) of NRS 277.200; (2) the Agency is wrongfully paying funds into the State Retirement System; and, (3) the Tahoe Regional Planning Compact (NRS 277.190 et seq.) is in contravention of both the Federal and State Constitutions.

■■■

1. In the posture of this proceeding, even if we assume the Agency has not furnished Douglas County the accounting contemplated by NRS 277.200, VII(c), such omission by the Agency neither justifies nor excuses the refusal by Douglas County to pay its apportioned share of the Agency budget. Various remedies are available to Douglas County to compel the Agency to comply with the provisions of NRS 277.200, VII(c), if indeed it has not previously done so.

■■■

2. The claim that the Agency is wrongfully paying funds into the State Retirement System is without merit. See NRS 277.200, IV(c), which provides that "[t]he agency may establish and maintain or participate in such additional programs of employee benefits as may be appropriate to afford employees of the agency terms and conditions of employment similar to those enjoyed by employees of California and Nevada generally."

3. The argument that the compact is unconstitutional was previously considered and resolved against Douglas County in State ex rel. List v. County of Douglas, *supra*.

Accordingly, we

ORDER the issuance of a peremptory writ of mandate, forthwith, to compel Douglas County to pay, within 10 days, its apportioned share of expenses to the Agency for the fiscal year 1975–1976.[1]

[1]Mr. Justice Zenoff voluntarily disqualified himself and took no part in the consideration and resolution of this case.